# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JASON HAFLEY,

    Petitioner,

vs.

STATE OF ALASKA AT PALMER,

    Respondent.

Case No. 3:21-cv-00217-RRB

## ORDER DISMISSING PETITION

Self-represented prisoner, Jason Hafley, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.[1]  Mr. Hafley is a pretrial detainee at Mat-Su Pretrial Facility with pending Alaska state criminal charges.[2]  This Court takes judicial notice of Mr. Hafley's criminal case in the Alaska Superior Court at 3PA-21-01115CR.[3]

Mr. Hafley alleges three grounds for his petition.  First, Mr. Hafley alleges that he waited approximately 25 hours from his arrest until his arraignment.[4]

---

[1] Docket 1.

[2] *See Id.*

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact."  *Black's Law Dictionary* (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[4] Docket 1 at 7.

Second, he alleges he waited over 20 days to receive discovery after his arraignment.[5] Lastly, he alleges that he has not been served with or seen the warrant for his arrest.[6] For relief, Mr. Hafley requests "dismissal of all charges based on failure of due process[.]"[7]

## SCREENING REQUIREMENT

28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction.[8] A petitioner may properly challenge pretrial detention under 28 U.S.C. § 2241.[9]

A court must "promptly examine" a habeas petition.[10] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . ."[11] Upon screening, it plainly appears that Mr. Hafley is not entitled to relief, and his petition must be dismissed.

---

[5] Docket 1 at 7.

[6] *Id.*

[7] *Id.* at 8.

[8] *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[9] *See Stow v. Murashige,* 389 F.3d 880, 885–88 (9th Cir. 2004).

[10] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The same procedural rules for 28 U.S.C. § 2254 and § 2255 govern 28 U.S.C. § 2241.

[11] *Id.*

3:21-cv-00217-RRB, *Hafley v. State of Alaska at Palmer*
Order Dismissing 28 U.S.C. § 2241 Petition
Page 2 of 6

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[12] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[13]

Under 28 U.S.C. § 2241, this Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[14] This habeas statute provides federal courts with general habeas corpus jurisdiction.[15]

28 U.S.C. § 2241 is the proper avenue for a state prisoner who wishes to challenge his state custody without a state judgment.[16] Because § 2241 provides broad habeas relief, other proper examples of § 2241 petitions include challenges

---

[12] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

[13] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015); *quoting Boumediene v. Bush*, 553 U.S. 723, 743 (2008).

[14] 28 U.S.C. § 2241(c)(3).

[15] *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[16] *Stow v. Murashige*, 389 F.3d 880, 885–88 (9th Cir. 2004)*; quoting White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004) ("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment-for example, a defendant in pre-trial detention or awaiting extradition.").

to pretrial detention,[17] parole decisions,[18] sentencing credits,[19] and immigration decisions.[20] However, prisoners are limited in the relief sought under § 2241 to the extent they may seek relief under 28 U.S.C. § 2254 (for a state conviction) or 28 U.S.C. § 2255 (for a federal conviction).[21]

When examining § 2241 petitions from a pretrial detainee, a Court must evaluate its jurisdiction. The *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[22] This extends to pretrial detainees raising constitutional claims as an affirmative defense to state prosecution.[23] A federal district court may not interfere with a state court criminal proceeding, unless presented with "extraordinary circumstances"[24] such as a "showing of bad faith,

---

[17] *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

[18] *See Tyler v. United States*, 929 F.2d 451, 453 n.5 (9th Cir. 1991).

[19] *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).

[20] *INS v. St. Cyr*, 533 U.S. 289, 314 (2001).

[21] *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam); *Greenawalt v. Stewart*, 105 F.3d 1287, 1287–88 (9th Cir. 1997) (per curiam).

[22] *Younger v. Harris*, 401 U.S. 37 (1971).

[23] *Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012).

[24] *Carden v. State of Mont.*, 626 F.2d 82, 83–84 (9th Cir. 1980).

harassment, or any other unusual circumstance that would call for equitable relief."[25]

A federal court "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates an important state interest; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves."[26] If the *Younger* doctrine applies, the court must dismiss claims seeking equitable relief and stay claims seeking damages pending completion of the state court proceedings.[27]

Mr. Hafley faces eight counts of Possession of Child Pornography pursuant to Alaska Stat. § 11.61.127, a Class C Felony. Mr. Hafley was arraigned on August 5, 2021, and his state court proceeding is ongoing.[28] The State of Alaska has an important interest in enforcing its laws. Mr. Hafley has an opportunity to raise and contest procedural and federal constitutional matters in the Alaska

---

[25] *Younger*, 401 U.S. at 54.

[26] *San Jose Silicon Valley Chamber of Commerce v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

[27] *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (en banc).

[28] *State of Alaska v. Hafley*, Case No. 3PA-21-01115CR, event entry dated August 5, 2021 ("Arraignment: Superior Court (In Custody)." For a complete docket view of the state litigation in this matter, individuals may search Alaska state online case records at https://records.courts.alaska.gov/).

3:21-cv-00217-RRB, *Hafley v. State of Alaska at Palmer*
Order Dismissing 28 U.S.C. § 2241 Petition
Page 5 of 6

Superior Court. Mr. Hafley has requested the dismissal of his state court case, thereby if the federal court intervened it would, in practical effect, enjoin the state matter.

Mr. Hafley's case progresses before the Alaska Superior Court, where he has the assistance of counsel. Mr. Hafley's case does not show harassment, a prosecution in bad faith, or a delay which results in irreparable injury. At this time, there are no factors present for this Court to override the doctrine of abstention and intervene in Mr. Hafley's state proceeding.

Thus, the matter at present fulfills all the requirements for *Younger* abstention and no extraordinary circumstances. Mr. Hafley has not presented viable grounds for a habeas petition under 28 U.S.C. § 2241. Therefore, Mr. Hafley's petition must be dismissed.

**IT IS THERFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED WITH PREJUDICE**.

2. The Clerk of Court is directed to enter a final judgment.

3. A certificate of appealability shall not issue.

Dated at Anchorage, Alaska, this 12th day of November, 2021.

    */s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge